UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL KAADY,

                                    Plaintiff,

        v.

OFFICER ROBEL SHIFERAW, *Officer
Portland Police Dept.*, NICOLE JERGOVIC
HARRIS, *District Attorney*, OFFICER
SABRINA DOBBS, *Officer Portland Police
Dept.*, and PORTLAND POLICE BUREAU,

                                    Defendants.

Case No. 3:21-cv-00966-AR

**FINDINGS AND
RECOMMENDATION**

_____

**ARMISTEAD, Magistrate Judge**

        Plaintiff Michael Kaady brings this action under 42 U.S.C. § 1983 against defendants

Portland Police Officers Robel Shiferaw and Sabrina Dobbs, Multnomah County Deputy District

Attorney Nicole Jergovic Harris, and the Portland Police Bureau (PPB). Kaady alleges that

defendants violated his Fourth and Fourteenth Amendment rights by wrongfully arresting him

Page 1  – FINDINGS AND RECOMMENDATION

without probable cause and forcing him to spend seven months in jail awaiting trial on charges that ultimately were dropped. Kaady asserts that Shiferaw and Dobbs falsified a police report by presenting out of context a statement he made and omitting crucial details about his alibi, and that Harris relied on the false police report to press charges. Kaady contends that the charges were dropped based on the evidence of his alibi – evidence that Kaady, his attorney, and his fiancé had urged defendants to investigate for seven months.

Now before the court are defendants PPB, Shiferaw, and Dobbs' motion and defendant Harris's motion, made under Federal Rule of Civil Procedure 12(b)(6), to dismiss Kaady's claims. As explained below, the court recommends that PPB, Shiferaw and Dobbs' motion be granted in part and denied in part, and that Harris's motion be granted with leave to amend.

## BACKGROUND

The court presents the facts, as it must, in the light most favorable to Kaady. On June 26, 2019, Kaady attended a doctor's appointment with Dr. Schwartz at 10:30 a.m. in Portland. Kaady obtained a note from Dr. Schwartz as proof of that visit, as required by a court order in an unrelated matter. (*Id.*) Dr. Schwartz signed the note at 10:45 a.m. After his appointment, Kaady was required to attend two group meetings at Volunteers of America (VOA). Kaady arrived at the VOA site at 11:00 a.m. and sent an email attaching Dr. Schwartz's note to the judge assigned to the unrelated matter at 11:30 a.m. After Kaady's meetings ended around 2:15 p.m., he took the light-rail train to Gateway Transit Center. Kaady walked from the Gateway station to a friend's house at Northeast 108th Avenue and Knott Street, borrowed his friend's bike, and rode it to Northeast 122nd Avenue and Knott Street, arriving around 4:30 p.m. Somewhere around

Northeast 122nd Avenue, Kaady dropped his copy of Dr. Schwartz's note. (Second Am. Compl. (SAC) at 6, ECF No. 19.)

That same day, sometime between 6:45 a.m. and 11:00 a.m., the Nelson residence was burglarized near where Kaady dropped his doctor's note. Defendants Shiferaw and Dobbs responded to the burglary, collected evidence, and left the scene at 1:49 p.m. (*Id.* at 5.) Sometime after 4:00 p.m., Nelson called Shiferaw and Dobbs to report that he found some papers and a doctor's note with Kaady's name on it in the middle of the road near Nelson's residence. (*Id.* at 6.)

On June 30, 2019, Shiferaw and Dobbs arrived at Kaady's home and searched his room. At that time, Shiferaw informed Kaady that a laptop was stolen during the burglary, which contained pictures of Nelson's grandchildren. Kaady responded, "Why would I rob some old man?" Shiferaw accused Kaady of knowing details that only the burglar would know, such as the victim's age. (*Id.* at 6.) Kaady asked when the burglary occurred and informed Shiferaw that he had been at appointments that day. Shiferaw did not tell Kaady what time the burglary occurred. (*Id.* at 7.) Shiferaw and Dobbs arrested Kaady for burglary and he was taken into custody. (*Id.* at 6.) Shiferaw drafted a police report, omitting Kaady's protestation that he attended appointments on June 26, 2019, and including Kaady's statement about the victim's age without mentioning that Shiferaw said the stolen laptop included pictures of the victim's grandchildren. (*Id.* at 7.)

Defendant Harris relied on Shiferaw's police report to charge Kaady with burglary. Within a month of his arrest, Kaady's attorney informed Harris that Kaady was innocent and had an alibi. At one point, Kaady's attorney and Harris scheduled a meeting, and Kaady was transferred from jail to the courthouse to participate. However, Harris informed Kaady's attorney

that "Kaady is still denying involvement" and that unless he wanted to admit guilt or provide information, they would proceed to trial. Harris then canceled the meeting. (*Id.*)

Kaady's fiancé contacted Harris and pleaded with her to examine the evidence and consider Kaady's alibi. Harris responded that she had lots of evidence of Kaady's guilt and that he would "be going to prison for a very long time." Kaady's attorney gathered signed affidavits from Dr. Schwartz and VOA staff confirming his alibi and filed a factual challenge to the burglary charges brought against Kaady. The burglary charges were dropped and Kaady was released three or four weeks later. Approximately seven months passed between Kaady's arrest on June 30, 2019, and his release. (*Id.* at 8.)

In this § 1983 action, Kaady brings claims against Shiferaw, Dobbs, PPB, and Harris asserting that he was falsely arrested, unreasonably detained, and maliciously prosecuted in violation of his Fourth and Fourteenth Amendment rights.[1] Kaady alleges that Shiferaw and Dobbs failed to conduct an adequate investigation, refused to consider his alibi before arresting him, and refused to investigate his alibi after his arrest, despite corroborating evidence of his alibi. Kaady also alleges that Shiferaw falsified a police report that Harris relied upon to secure his arrest, and that despite providing exculpatory evidence, he remained in jail for seven months. Kaady further alleges that Harris maliciously prosecuted him without probable cause, and

---

[1] Kaady concedes that he is not bringing claims under the Fifth or Sixth Amendments. (Pl.'s Resp. at 5 n.1, ECF No. 64.) Kaady also concedes that the Portland Police Bureau is not an appropriate defendant. (*Id.* at 5 n.2.) *See Shore v. City of Portland, Or.*, Case No. 3:17-cv-01519-YY, 2018 WL 3469037, at *2 (D. Or. May 21, 2018), *adopted* 2018 WL 3463262 (July 17, 2018) (dismissing claims against Portland Police Bureau as an improper party). Accordingly, the motion to dismiss PPB as defendant should be granted with prejudice.

unreasonably prolonged his detention by failing to investigate his alibi or ensure his speedy release after receiving exculpatory evidence.

Shiferaw and Dobbs move to dismiss under Rule 12(b)(6), contending that Kaady has failed to adequately plead his claims. Harris moves to dismiss under Rule 12(b)(6), arguing that she is entitled to absolute immunity against all claims. The court addresses Shiferaw and Dobbs' motion to dismiss first and Harris's second.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CallerID4u, Inc. v. MCI Commc'ns Servs. Inc.*, 880 F.3d 1048, 1061 (9th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). A court may dismiss "'based on the lack of cognizable legal theory or the absence of sufficient facts alleged'" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Teixeira*, 873 F.3d at 678; *Iqbal*, 556 U.S. at 679.

Rule 8 does not require "'detailed factual allegations,'" but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting

Page 5  – FINDINGS AND RECOMMENDATION

*Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations and citations omitted. A complaint must allege more than "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

Further, when a plaintiff proceeds without attorney representation (*pro se*),[2] the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court must state the complaint's deficiencies. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988). Unless the complaint's deficiencies clearly cannot be corrected by amending the complaint, a *pro se* litigant is permitted to amend it. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**A.    *Shiferaw and Dobbs' Motion to Dismiss***

**1.    § 1983 Standards**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately state a claim under §1983, a plaintiff must allege two essential elements: (1) a federal constitutional or statutory right was violated; and (2) the alleged violation was committed by a person acting under the color of state law. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001); *Rubin* v. *Oregon*, Case No. 3:19-cv-01377-IM, 2022 WL 2713904, at *3 (D. Or. July 13, 2022), *appeal filed* (9th Cir. Aug. 10, 2022).

---

[2]    Plaintiff is now represented by counsel but his complaint was filed *pro se*.

Generally, liability under § 1983 must be based on the defendant's personal involvement. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citation omitted). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Therefore, "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**2.    Officer Dobbs**

Defendants move to dismiss the claims asserted against Officer Dobbs because the SAC contains no specific allegations against Dobbs, aside from her being present at the time of Kaady's arrest. Defendants argue that the SAC lacks any allegation that Dobbs personally was involved in any alleged deprivation of Kaady's rights, and that the claims against her must be dismissed.

Kaady does not respond directly to defendants' specific argument concerning the allegations against Dobbs. Instead, Kaady generally asserts that he has pleaded sufficient facts to state claims for false arrest, unreasonably prolonged detention, and malicious prosecution against Shiferaw and Dobbs. The court agrees with defendants.

In the SAC, the only mention of Dobbs' alleged personal participation is that she assisted Shiferaw with investigating the burglary at Nelson's residence on June 26, 2019, and that she was present during Kaady's arrest on June 30, 2019. There are no allegations that Dobbs participated in the search of Kaady's room or spoke with Kaady before placing him under arrest. Unlike the allegations against Shiferaw, the SAC contains no allegations that Dobbs knew of

Kaady's alleged alibi or that she participated in preparing the police report. Thus, Kaady has failed to allege that Dobbs personally participated in the alleged constitutional violations, and the claims against Dobbs should be dismissed without prejudice and with leave to replead.

### 3.    Fourth Amendment Claims for False Arrest and False Imprisonment under § 1983

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. AMEND. IV. "An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Harper v. City of L.A.*, 533 F.3d 1010, 1022 (9th Cir. 2008). To prevail on a § 1983 claim for false imprisonment or wrongful detention, Kaady likewise must plead facts showing that there was no probable cause. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).[3] Thus, at the motion to dismiss stage, Kaady must allege that he was arrested and detained without probable cause to sustain his Fourth Amendment claims.

"To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021) (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal citations and quotation omitted)). "Whether probable cause exists depends upon the

---

[3]    Additionally, qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (simplified). Shiferaw and Dobbs have not set out in their motion to dismiss why they are entitled to qualified immunity as an alternative to their argument that Kaady has failed to properly allege facts demonstrating that there was no probable cause to arrest him.

reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause is a "fluid concept" that "depends on the totality of circumstances." *O'Doan*, 991 F.3d at 1039 (quoting *Wesby*, 138 S. Ct. at 586). And probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* Establishing probable cause "is not a high bar." *Id.* (citations and quotations omitted). Yet probable cause requires more than "mere suspicion, common rumor, or even strong reason[s]" to make an arrest. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (citation and quotation marks omitted).

Defendants argue that Kaady has failed to allege plausible facts showing that he was arrested without probable cause and that, consequently, his false arrest and false imprisonment claims must be dismissed. Defendants contend that probable cause existed after Nelson found papers with Kaady's name, Kaady permitted Shiferaw to search his room, and Kaady willingly spoke to Shiferaw regarding the burglary. (Defs.' Mot. Dismiss at 8.) Defendants argue that Kaady's allegations do not show that he clearly communicated that he had an alibi to Shiferaw either before or after his arrest. Moreover, defendants maintain that even if Kaady informed Shiferaw that he had an alibi before his arrest, that fact alone would not mean that probable cause was lacking at the time of his arrest.

Kaady responds that, at the time of his arrest, he proclaimed his innocence to Shiferaw, that Shiferaw refused to tell him what time the burglary occurred, and that he strongly suggested he had an alibi. Kaady also argues that Shiferaw's contention that he knew facts about the victim's age was premised on facts that Shiferaw provided, which undermines any finding of

probable cause. Kaady argues that the totality of the circumstances shows that he has adequately pleaded his Fourth Amendment claims. The court agrees with Kaady.

As alleged in the SAC, the totality of the information known to Shiferaw was that a note with Kaady's name was recovered near the burglary scene hours after the initial investigation of Nelson's residence was completed, and that Kaady asked "Why would I rob some old man?" after Shiferaw stated photographs of Nelson's grandchildren were stolen. (SAC at 6.) The note, which is alleged to have been discovered by the burglary victim in the middle of the road hours after Shiferaw and Dobbs conducted their investigation, may have been sufficient to alert the officers that they should question Kaady, but it is certainly not enough to provide a substantial chance that Kaady burgled the victim's house. Neither is Kaady's statement about the victim's age. Because Shiferaw is alleged to have provided Kaady with the information that the victim's laptop computer had photos of his grandchildren, one could readily guess that the victim was elderly. Again, Kaady's statement about the victim's age does not meet the threshold for probable cause. Even when the statement and the note are considered together, there is far from enough to establish probable cause. Probable cause is a "fluid concept," as defendants point out, but the "fluidity" of the concept means that there is no bright line or rigid test for a probable cause determination. Probable cause is a "common-sense, practical question." *Illinois v. Gates*, 462 U.S. 213, 214(1983). And, on the alleged facts known to Shiferaw and Dobbs, a common-sense approach does not permit a reasonable conclusion that Kaady committed the burglary.[4]

---

[4]    Defendants contend that Shiferaw relied in part on "investigative material" as well as his "observations and conversations" obtained from his search of Kaady's room to formulate probable cause. Shiferaw, however, does not detail what evidence his search of Kaady's room yielded or its connection to the burglary.

Accordingly, the court concludes that Kaady has plausibly alleged that he was arrested and

detained without probable cause sufficient to survive defendants' Rule 12(b)(6) motion. *See*

*Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076-77 (9th Cir. 2011) (holding the officer did not

have probable cause to make a warrantless arrest).[5]

### 4. Fourteenth Amendment Due Process Claims for Unreasonably Prolonged Detention and Fabrication of the Police Report

Defendants argue that Kaady has failed to sufficiently allege that their failure to

investigate his alibi unnecessarily prolonged his detention, and that the claim should be

dismissed. Kaady argues that defendants' refusal to undertake any investigation, despite his

repeated protestations of innocence and the availability of exculpatory evidence violated his due

process rights. (Pl.'s Resp. City Defs.' Mot. Dismiss at 9-10.)

The due process clause of the Fourteenth Amendment protects against unlawful

deprivations of liberty. *Lee v. City of L.A.*, 250 F.3d 668, 683 (9th Cir. 2001) (recognizing that

the Fourteenth Amendment protects the right to be free from detention or incarceration absent

due process). As the Ninth Circuit has recognized, "the loss of liberty caused by an individual's

mistaken incarceration 'after the lapse of a certain amount of time' gives rise to a claim under the

Due Process Clause of the Fourteenth Amendment." *Id.* (quoting *Baker v. McCollan*, 443 U.S.

137, 145(1979)). Thus, a detained person has "'a constitutional right to be free from continued

detention after it was or should have been known that the detainee was entitled to release.'" *Id.*

(quoting *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993)).

---

[5]     Although defendants briefly mention qualified immunity, their argument is not developed
and the court declines to address it further on this motion to dismiss.

Kaady alleges that Shiferaw refused to listen to his repeated protestations of innocence and that he had an alibi. As discussed above, the note linking Kaady to the burglary was recovered hours after the initial investigation, and Kaady's statement about the age of victim came from information gleaned from Shiferaw. Broadly reading Kaady's complaint, had Shiferaw conducted a minimal investigation into his alibi, he would have discovered that Kaady could not have committed the burglary at the Nelson residence. Kaady ultimately was detained for seven months before the charges were dropped. Assuming the truth of these allegations, as the court must at this stage, the court finds that Kaady has plausibly alleged that Shiferaw violated his liberty interests in being free from continued incarceration sufficient to state a due process violation at the pleading stage. *Lee*, 250 F.3d at 684. Defendants' motion to dismiss this claim should be denied.

Defendants argue that Kaady has not sufficiently alleged a claim for deliberate fabrication of evidence. To support a claim for fabrication, a plaintiff must allege facts showing (1) defendants continued their investigation into him even though they knew or should have known that he was innocent, or (2) defendants used investigative techniques that were so coercive and abusive they knew or should have known that their tactics would yield false information. *O'Doan*, 991 F.3d at 1045; *Deveraux*, 263 F.3d at 1079 (recognizing a due process right not to be subjected to criminal charges based on falsified evidence). A claim of deliberate fabrication requires pleading facts that show more than mere omission or carelessness. *O'Doan*, 991 F.3d at 1045; *Rubin*, 2022 WL 2713904, at * 5.

Defendants contend that Kaady has not alleged facts suggesting that Shiferaw deliberately fabricated his police report. In defendants' view, because Kaady has not alleged that

Shiferaw knew or should have known that he was innocent, or that Shiferaw used abusive investigative techniques, he has not plausibly shown how any alleged omission of information amounts to deliberate fabrication. The court disagrees.

Broadly reading Kaady's *pro se* complaint, Kaady plausibly alleges a claim of deliberate fabrication. (Pl.'s Resp. City Defs.' Mot. Dismiss at 5.) Kaady alleges that Shiferaw, in an effort to paint his statement regarding the victim's age as inculpatory, was dishonest in crafting the police report by deliberately omitting the material fact that Shiferaw told him that pictures of grandchildren were on the stolen laptop. (SAC at 7.) Moreover, Kaady alleges that the false claims and material omissions in the report served as a basis for his indictment. Viewing those facts in the light most favorable to Kaady, the court can infer that Shiferaw's actions were more than carelessness and were instead purposefully false claims about the evidence against him. Based on those allegations in the SAC relating to Shiferaw's report, the court concludes that Kaady has sufficiently alleged a due process claim for deliberate fabrication against Shiferaw to survive at the pleading stage. Consequently, defendants' motion to dismiss on this basis should be denied.

### 5.      Malicious Prosecution against Shiferaw under § 1983

"A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)). To state a claim of malicious prosecution under § 1983, Kaady must plead facts showing: (1) a state-law malicious prosecution claim; and (2) the defendants intended to deprive him of a constitutional right.

*Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Worley v. Brewer*, Case No. 3:16-cv-02412-BR, 2017 WL 2880401, at *5 (D. Or. July 5, 2017). In Oregon, the elements of a malicious prosecution claim are: "(1) the institution or continuation of criminal proceedings, (2) by or at the insistence of the defendant, (3) termination of such proceedings in the plaintiff's favor, (4) malice, (5) lack of probable cause for the proceedings, and (6) injury or damages as a result." *Worley*, 2017 WL 2880401, at *5; *Rubin*, 2022 WL 2713904, at *6; *Singh v. McLaughlin*, 255 Or. App. 340, 352 (2013) (stating elements of malicious prosecution under Oregon law). *See also Thompson v. Clark*, 142 S. Ct. 1332, 1340-41 (2002) (discussing that § 1983 claims for malicious prosecution are properly alleged under the Fourth Amendment and do not require that a plaintiff affirmatively show innocence; "[a] plaintiff need only show that the criminal prosecution ended without a conviction").

Defendants argue that because Harris secured an indictment for burglary, there was an independent assessment of probable cause, which breaks the chain of causation and bars any claims against Shiferaw under the Fourth or Fourteenth Amendments. Defendants contend that Kaady does not allege that Shiferaw was involved in prosecuting his criminal case after criminal charges were filed. In defendants' view, Kaady's allegations that Shiferaw omitted information in the police report are conclusory and insufficient, and thus fail to show that Shiferaw deliberately fabricated evidence that led to the charges against him, and that his malicious prosecution claim fails.

Kaady argues that he can sustain a malicious prosecution claim against Shiferaw because he has alleged that Shiferaw filed a police report containing falsified and fabricated evidence that Harris relied upon to obtain the burglary indictment. (Pl.'s Resp. at 11.) Kaady alleges that

Shiferaw lied about what was in Kaady's room and took his statements out of context when preparing his police report. (SAC at 7.) Kaady also alleges that Shiferaw's police report omitted crucial parts of the conversation they had at the time of his arrest. (*Id.*)

Typically, a decision by a prosecutor to bring charges through an indictment or criminal complaint is "presumed to result from an independent determination on the prosecutor." *Awabdy*, 368 F.3d at 1067. This independent assessment of probable cause may immunize officials who participated in the investigation or filed a report that resulted in initiating criminal proceedings. *Id.* Prosecutorial independence, however, "does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id.* (citing *Galbraith*, 307 F.3d at 1126-27).

For example, in *Galbraith*, the Ninth Circuit determined that allegations in the complaint that a coroner recklessly and intentionally falsified an autopsy report, lied to investigators, and provided false testimony at a preliminary hearing that caused Galbraith's arrest and prosecution sufficiently stated Fourth Amendment violation to survive a motion to dismiss. *Galbraith*, 307 F.3d at 1127; *see also Worley*, 2017 WL 2880401, at *5 ("The presumption of prosecutorial independence, however, does not bar a subsequent § 1983 claim against those who knowingly provided misinformation, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.").

Viewing the allegations in the SAC in the light most favorable to Kaady, the court concludes that he has sufficiently alleged that Shiferaw arrested him without probable cause,

falsified information in the police report about what information he knew at the time of Kaady's

arrest, and that the false information was relied upon by Harris to indict him for burglary to state

a claim of malicious prosecution.

The court is not persuaded by defendants reliance on *O'Doan*, 991 F.3d at 1045. *O'Doan*

discussed whether the plaintiff's due process claim for deliberately fabricated police reports

survived the officer's assertion of qualified immunity at summary judgment. *Id.* Because the

court is applying Rule 12(b)(6) standards here, defendants' reliance on *O'Doan* is misplaced.

Moreover, *Awadby* and *Galbraith* provide that allegations of false testimony, bad faith,

recklessness, and knowing provision of false testimony are sufficient at the pleading stage to

assert a malicious prosecution claim under § 1983.

For all these reasons, the court concludes that Kaady has adequately pleaded a § 1983

malicious prosecution claim under the Fourth and Fourteenth Amendments against Shiferaw.

Accordingly, defendants' motion to dismiss this claim should be denied.

**B.    *Harris's Motion to Dismiss***

Kaady brings two § 1983 claims against Harris: (1) malicious prosecution, and (2)

unreasonably prolonged detention. Kaady alleges that Harris initiated criminal charges without

probable cause in violation of his Fourth Amendment rights and failed to investigate allegations

of his alibi and failed to quickly secure his release once his alibi was corroborated. Harris moves

to dismiss, arguing that she is entitled to absolute immunity because his claims concern her core

functions as prosecutor.

\ \ \ \ \

\ \ \ \ \

Page  16  – FINDINGS AND RECOMMENDATION

1.      **Fourth Amendment malicious prosecution under § 1983**

Absolute "[i]mmunity attaches to 'the nature of the function performed, not the identity of the actor who performed it." *Lacey*, 693 F.3d at 912 (9th Cir. 2012) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). "A prosecutor is entitled to absolute immunity from a civil action for damages when he or she performs a function that is 'intimately associated with the judicial phase of the criminal process.'" *Ewing v. City of Stockton*, 588 F.3d 1218, 1232 (9th Cir. 2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Barnett v. Marquis*, 16 F. Supp. 3d 1218, 1222 (D. Or. 2014) (holding prosecutors are "absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case" associated with the judicial phase of criminal prosecution), *aff'd*, 662 F. App'x. 537, 539 (9th Cir. 2016). Prosecutors receive qualified immunity, however, when performing administrative or investigative functions, or functioning as a police officer or detective. *Kalina*, 522 U.S. at 125-26; *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

"Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out." *Lacey*, 693 F.3d at 913 (internal quotation omitted). Thus, a prosecutor is entitled to absolute immunity for initiating a prosecution and presenting the State's case. *Imbler*, 424 U.S. at 431. Likewise, a prosecutor is entitled to absolute immunity for deciding *not* to prosecute a defendant. *Roe v. City and Cnty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997).

Harris highlights that Kaady does not allege that she had any involvement in the case against Kaady prior to filing the burglary charges against him. (Def.'s Harris Mot. to Dismiss at 4, ECF No. 48.) Harris contends that her determination to institute charges, and subsequently drop those charges, is "intimately associated with the judicial phase of the criminal process." Accepting all of Kaady's allegations against her as true, Harris argues that she is absolutely immune from Kaady's malicious prosecution claim.

Kaady responds that he has adequately alleged all the elements of this claim,[6] and that Harris wrongfully instituted and continued criminal proceedings against him for a crime he did not commit, despite his protestations of innocence and proof of an alibi.

Harris is entitled to absolute immunity on Kaady's malicious prosecution claim. Harris is not alleged to have any involvement in the burglary case until after Kaady was arrested and charged with burglary. (SAC at 7.) Kaady asserts that Harris relied on a fabricated police report to obtain the indictment. (*Id.*) There are no factual allegations, however, that Harris knew the police report contained false information, that she played any role in fabricating the police report, or that she assisted Shiferaw and Dobbs in any aspect of their investigation. Making determinations about what criminal charges to pursue, and her decision *not* to prosecute are decisions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Therefore, viewing the allegations in the light most favorable to Kaady, Harris was acting squarely within her prosecutorial function when she obtained a burglary indictment on behalf of the State. *Kalina*, 522 U.S. at 125-26 (holding prosecutor's action in preparing

---

[6]     The elements of Kaady's malicious prosecution claim are detailed in the discussion of his claim against Shiferaw. The court does not repeat those elements here.

information charging document against defendant was entitled to absolute immunity); *Genzler v. Longanback*, 410 F.3d 630, 637 (9th Cir. 2005) (providing prosecutor enjoys absolute immunity from suit alleging that she maliciously initiated a prosecution); *Buckley*, 509 U.S. at 273 (prosecutor's evaluation of the evidence pre-indictment is entitled to absolute immunity). Likewise, Harris's decision to later drop those charges is entitled to absolute immunity. *Roe v. City and Cnty. of San Francisco*, 109 F.3d at 583. Consequently, the court recommends that Kaady's claim for malicious prosecution against Harris be dismissed with prejudice.

### 2.    unreasonably prolonged detainment/excessive detainment

Kaady also alleges that Harris violated his due process right to be free from incarceration absent a criminal conviction under the Fourteenth Amendment. Kaady contends that Harris mishandled exculpatory evidence – evidence of his alibi – by failing to listen to his attorney and fiancé and by failing to expeditiously secure his release after receiving affidavits that confirmed his alibi. In Kaady's view, Harris was functioning as an investigator each time she was faced with a question about Kaady's alibi and therefore is entitled to qualified immunity only.

Harris does not challenge the sufficiency of Kaady's pleading in her motion. Instead, Harris argues that she was functioning in her quasi-judicial role as a prosecutor when she received the information about Kaady's alibi, and that absolute immunity bars his claim for damages on this theory. Harris contends that her assessment of the evidence, including its relative strength and weakness, informs her decision about what plea offers to make, how to present evidence at trial, and if a prosecution should be terminated. Harris argues that as alleged, she performed only prosecutorial functions and is protected by absolute immunity.

Prosecutors have absolute immunity from suit when "performing functions that require the exercise of prosecutorial discretion." *Kalina*, 522 U.S. at 125. "However, even after the initiation of criminal proceedings, a prosecutor may receive only qualified immunity when acting in a capacity that is exclusively investigatory or administrative." *Broam*, 320 F.3d at 1031; *see also Buckley*, 509 U.S. at 274 n.5 (providing that "a determination of probable cause does not guarantee a prosecutor absolute immunity from liability for all actions taken afterwards"). The line between traditional prosecutorial activities and investigative activities is not clear. *Broam*, 320 F.3d at 1209.

Kaady relies on *Fairley v. Lumen*, 281 F.3d 913, 918 (9th Cir. 2002), where the plaintiff challenged his 12-day detention after he was mistakenly arrested on warrants intended for his twin brother. In *Fairley*, the court recognized that "[e]ven detention pursuant to a valid warrant but in the face of repeated protests of innocence will, after a lapse of time, deprive the accused of a constitutional 'liberty.'" *Id.* at 917-18 (quoting *Baker*, 443 U.S. at 143). Courts have recognized that a plaintiff may state a due process claim if the defendant knew or should have known that the plaintiff was entitled to release. *Lee*, 250 F.3d at 683; *Grant v. Cnty. of L.A.*, 772 F.3d 608, 619 (9th Cir. 2014). And, detention after a court-ordered release may violate constitutional rights. *Berry v. Baca*, 379 F.3d 764, 768 (9th Cir. 2004). In Kaady's view, because he was wrongfully detained for seven months, he has adequately pleaded a claim and Harris's absolute immunity defense must be rejected.

Harris argues that *Fairley* is distinguishable because it involved a *Monell* claim against a municipality that had no procedures in place to ensure that defendants in custody were detained on the correct warrant. Harris contends that she was under no obligation to inform the court

about potentially exculpatory evidence that originated with the defendant. Harris argues that her assessment of the evidence, including any exculpatory evidence, is a prosecutorial function and she is entitled to absolute immunity.

The court cannot reach a conclusion, at this time, if Harris is entitled to absolute immunity with respect to this claim. *See Martinez v. City of Colton*, Case No. EDCV 16-702-CAS(DTBx), 2016 WL 4547149, (C.D. Cal. Aug. 30, 2016) (denying motion to dismiss wrongful imprisonment claim). Viewing the allegations in the SAC in the light most favorable to Kaady, the court cannot determine if Harris was functioning in her role as quasi-judicial prosecutor at all at times. The SAC does not contain specific dates or sufficient details with respect to Harris's actions. Kaady alleges that Harris ignored his repeated insistence that he had an alibi and repeated attempts by his attorney and fiancé to investigate his alibi. It is unknown when Harris received information from Kaady's attorney, fiancé, or the affidavits corroborating Kaady's alibi. And Kaady asserts that Harris took three to four weeks after receiving the affidavits from Dr. Schwartz and VOA staff to secure his release.

Construing those facts in Kaady's favor, it is unclear if Harris was functioning in a prosecutorial role or an investigatory role on each occasion. Therefore, the court recommends that Harris's motion to dismiss be granted with leave to amend. *See Broam*, 320 F.3d at 1029 (holding that prosecutors are entitled to only to qualified immunity when they are "essentially functioning as a police officer or detective").

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

**CONCLUSION**

As explained above, defendant Harris's motion to dismiss (ECF No. 48) should be GRANTED with leave to amend, and defendants' Shiferaw, Dobbs, and PPB's motion to dismiss (ECF No. 40) should be GRANTED IN PART, and DENIED IN PART.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: May 11, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge