**Bruce L. Campbell**, OSB No. 925377
bruce.campbell@millernash.com
**Katie Bennett**, OSB No. 221482
katie.bennett@millernash.com
MILLER NASH LLP
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Plaintiff Michael Riad Kaady

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL RIAD KAADY,<br><br>        Plaintiff,<br><br>    v.<br><br>Officer Robel Shiferaw, in his official capacity as an officer within the Portland Police Bureau<br><br>        Defendants. | Case No. 3:21-cv-00966-AR<br><br>THIRD AMENDED COMPLAINT |

Plaintiff Michael Riad Kaady ("Kaady") alleges as follows:

### I. **PARTIES**

1.  Kaady is now and was, at all times relevant, an Oregon resident.

Page 1 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

2. On information and belief, defendant Officer Robel Shiferaw ("Shiferaw" or "Defendant") was, and all relevant times herein, an Oregon resident and employee of the Portland Police Bureau ("PPB"). At all times relevant, Shiferaw was acting under the color of state law.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

4. Venue is proper in this district because Plaintiff resides in this district and all of the events or omissions giving rise to the claims occurred in this district.

## III.  FACTS

5. On June 26, 2019, Kaady attended a doctor's appointment with his physician, Dr. Schwartz, at 10:30 a.m. in Portland, Oregon.

6. Kaady obtained a note from Dr. Schwartz as proof of this visit. Dr. Schwartz signed this note at 10:45 a.m.

7. After this appointment, Kaady was required by the Court, in an unrelated matter, to attend two volunteer meetings at Volunteers of America ("VOA"). Kaady arrived at the VOA site at 11:00 a.m. and sent an email attaching Dr. Schwartz's note to the judge assigned to the unrelated matter at 11:30 a.m.

8. After Kaady's meetings ended around 2:15 p.m., he took the light rail train to Gateway Transit Center. Kaady walked from Gateway to a friend's house on NE 108th Ave. and Knott Street, borrowed his friend's bike, and rode it to NE 122nd Avene and Knott Street, arriving around 4:30 p.m.

9. During his travels, Kaady dropped his copy of Dr. Schwartz's note somewhere around NE 122nd Avenue.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

10. Unbeknownst to Kaady, earlier that same day, sometime between 6:45 a.m. and 11:00 a.m., the residence of an older gentlemen, Mr. Nelson ("Nelson"), was burglarized near where Kaady later dropped his doctor's note ("the Nelson Burglary").

11. Shiferaw and his partner, Sabrina Dobbs ("Dobbs"), responded to the burglary, collected evidence, and left the scene at 1:49 p.m.

12. On or around 4:00 p.m., after Shiferaw had completed his investigation and collected evidence of the surrounding area, Nelson called Shiferaw and Dobbs to report that he found some papers and a doctor's note with Kaady's name on it in the middle of the road near Nelson's residence.

13. On June 30, 2019, Shiferaw and Dobbs arrived at Kaady's home and searched his room. At that time, Shiferaw informed Kaady that a laptop was stolen during the Nelson Burglary, which contained pictures of Nelson's grandchildren. Kaady responded "why would I rob some old man?"

14. Shiferaw then accused Kaady of knowing details about the Nelson Burglary (i.e. Mr. Nelson's general age) that only the burglar would know.

15. Kaady then asked Shiferaw to inform him of when the burglary occurred, and also informed Shiferaw that he had been at appointments all day.

16. Shiferaw refused to respond to Kaady's request regarding when the burglary occurred, nor did Shiferaw conduct any further investigation into Kaady's alibi.

17. Despite Kaady's continued protestations of innocence and the fact that he had an alibi, Shiferaw then arrested Kaady for the Nelson Burglary and Kaady was taken into custody.

18. Shiferaw then drafted a police report in which he omitted Kaady's protestation that he had been at appointments all day and, therefore, could not have committed

Page 3 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

the burglary. Additionally, Shiferaw included in his report that Kaady asked about Nelson's age without mentioning that Shiferaw provided Kaady with the information about Nelson's age.

19. District Attorney Nicole Harris then relied on Shiferaw's police report to charge Kaady with burglary.

20. Despite Kaady's and his attorney's continued objections that Kaady had an alibi and was innocent, Kaady remained in jail for approximately seven months.

21. Because of Shiferaw's willful disregard of Kaady's alibi at the time of his arrent, Kaady's attorney was forced to file a factual challenge to Kaady's arrest.

22. This factual challenged filed by Kaady' attorney was based on the same facts that were available to Shiferaw at the time of Kaady's arrest.

23. Had it not been for Shiferaw refusing to listen and review evidence establishing Kaady's alibi at the time of his arrest, and filing a false police report omitting the same, Kaady would have never spent seven months in jail for a crime he did not commit.

## IV.  CAUSES OF ACTION

**CLAIM 1 – 42 U.S.C. § 1983; Fourth Amendment, False Arrest**

24. Kaady restates and incorporates by reference the allegations set forth above.

25. The Fourth Amendment guarantees Kaady the right to be secure in his persons, houses, papers, and effects, against unreasonable searches and seizures. This includes the right to be free from being arrested for a crime he did not commit.

26. Despite evidence of Kaady's alibi, Defendant Shiferaw arrested Kaady without probable cause on June 30, 2019.

27. Shiferaw's arrest of Kaady constitutes a violation of Kaady's Fourth Amendment Rights.

Page 4 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

28. As a direct and proximate result of Shiferaw's disregard Kaady's Fourth Amendment rights, Kaady was incarcerated for seven months and has suffered and continues to suffer from emotional and reputational harm due to being arrested and detained for a crime he did not commit.

29. Kaady is entitled to attorney fees in accordance with 42 U.S.C. § 1988.

### CLAIM 2 – 42 U.S.C. § 1983; Fourteenth Amendment, Unreasonably Prolonged Detention

30. Kaady restates and incorporates by reference the allegations of the paragraphs above.

31. The due process clause of the Fourteenth Amendment protects Kaady against unlawful deprivation of liberty, including the right to be free from continued detention after it was known that Kaady was entitled to release.

32. Shiferaw was aware of Kaady's alibi at the time he arrested Kaady on June 30, 2019. Shiferaw willfully and intentionally refused to listen to Kaady's repeated protestations of innocence and that he had an alibi.

33. Had Shiferaw conducted even a minimal investigation into Kaady's alibi, he would have discovered that Kaady could not have committed the burglary at Nelson's residence.

34. As a result of Shiferaw's willful and intentional failure to investigate Kaady's alibi, Kaady was detained for seven months before the charges against him were dropped.

35. As a direct and proximate result of Shiferaw's disregard Kaady's Fourteenth Amendment rights, Kaady was incarcerated for seven months and has suffered and continues to suffer from emotional and reputational harm due to being arrested and detained for a crime he did not commit.

36. Kaady is entitled to attorney fees in accordance with 42 U.S.C. § 1988.

Page 5 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

**CLAIM 3 –42 U.S.C. § 1983; Fourteenth Amendment,**
**Deliberate Fabrication of Evidence**

37.     Kaady restates and incorporates by reference the allegations of the paragraphs above.

38.     The due process clause of the Fourteenth Amendment protects Kaady against unlawful deprivation of liberty, including the right to be free from being subjected to criminal charges on the basis of false evidence that was deliberately fabricated.

39.     Shiferaw was aware of Kaady's alibi at the time he arrested Kaady on June 30, 2019.

40.     Shiferaw willfully and deliberately refused to listen to Kaady's repeated protestations of innocence and that he had an alibi.

41.     Shiferaw willfully and deliberately refused to investigate Kaady's repeated protestations of innocence and that he had an alibi before arresting Kaady and filing a police report.

42.     Instead, Shiferaw used abusive investigative techniques when he provided Kaady with information about the victim's age, and then used Kaady's responsive statements including this information as evidence that Kaady was guilty of the crime.

43.     Shiferaw then intentionally and deliberately filed a falsified police report when he omitted Kaady's continued protestations of innocence and the fact that he had an alibi from his police report. Additionally, Shiferaw's police report contained false information that Kaady was aware of the victim's age to show Kaady's guilt, when, in reality, Shiferaw had provided Kaady with that information prior to his arrest.

44.     Shiferaw's falsified police report then served as a basis for Kaady indictment and continued detention.

Page 6 -    Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

45. As a result of Shiferaw's abusive investigative tactics, as well as his willful and deliberate falsification of his police report, Kaady was detained for seven months before the charges against him were dropped.

46. As a direct and proximate result of Shiferaw's disregard Kaady's Fourteenth Amendment rights, Kaady was incarcerated for seven months and has suffered and continues to suffer from emotional and reputational harm due to being arrested and detained for a crime he did not commit.

47. Kaady is entitled to attorney fees in accordance with 42 U.S.C. § 1988.

## V. RELIEF REQUESTED

WHEREFORE, plaintiff asks that the Court award it the following relief:

A. On the First Claim for Relief: damages in an amount to be proven at trial, plus pre- and post-judgment interest and statutory penalty at a rate of nine percent per annum or the highest interest rate allowable by law.

B. On the Second Claim for Relief: damages in an amount to be proven at trial, plus pre- and post-judgment interest and statutory penalty at a rate of nine percent per annum or the highest interest rate allowable by law.

C. On the Third Claim for Relief: damages in an amount to be proven at trial, plus pre- and post-judgment interest and statutory penalty at a rate of nine percent per annum or the highest interest rate allowable by law.

D. Attorney fees, interests, costs, and expenses as provided by applicable law.

///
///
///
///
///

Page 7 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

E.      For all other and further relief, whether legal or equitable, as this Court finds warranted under the facts and the law.

DATED this 15th day of December, 2023.

*s/ Katie Bennett*
Bruce L. Campbell, OSB No. 925377
bruce.campbell@millernash.com
Katie Bennett, OSB No. 221482
katie.bennett@millernash.com
MILLER NASH LLP
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Plaintiff Michael Riad Kaady

Page 8 -   Third Amended Complaint

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204